IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RONALD JOHNSON,

    **Plaintiff,**

    v.                                               CASE NO. 23-3020-JWL

WYANDOTTE COUNTY
DISTRICT COURT,

    **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff filed this matter as a "Notice for Removal." Plaintiff asks to "settle WY. CO. District Court Case No. 22-CV-118." (Doc. 1, at 1.) This is Johnson's third attempt to remove this case to this Court. *See Johnson v. Wyandotte Cty. Dis't Court*, Case Nos. 22-3295 and 22-3211. Both of these cases were remanded, finding that Johnson was attempting to remove a civil case he initiated in state court. The Court found that 28 U.S.C. § 1441(a) provides for the removal of civil actions by "the defendant or the defendants," and does not provide for removal by a plaintiff.

In an apparent attempt to circumvent this Court's rulings in his prior removal actions, Johnson has listed "Defendant" after his name in the caption and has listed a 2001 criminal case—Case No. 01-CR-2150. However, in the body of his notice, Johnson asks to settle Case No. 22-CV-118, alleging that the State "defaulted."

The Court warned Johnson in his prior cases that 28 U.S.C. § 1447(d) prohibits review of remand orders except in situations inapplicable to his cases. Johnson's current filing is an attempt to circumvent this Court's previous remand orders. Furthermore, the docket for Johnson's criminal Case No. 2001-CR-2150 reflects that the case is "disposed." "A jury

convicted Johnson of first-degree premeditated murder for a murder committed in 2001." *State v. Johnson*, 313 Kan. 339, 486 P.3d 544, 545 (Kan. Sup. Ct. April 30, 2021). The Kansas Supreme Court affirmed the conviction and sentence on direct appeal. *Id*. "Johnson later filed several motions for habeas relief under K.S.A. 60-1507 . . . [n]one led to any relief." *Id*. (citations omitted).

Johnson has pointed to no authority for the proposition that removal of a closed criminal case is proper. The procedure for removal of criminal prosecutions is set forth in 28 U.S.C. § 1455, and provides that:

> A notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time.

28 U.S.C. § 1455(b)(1). "Critically, the foregoing statute refers to criminal 'prosecutions,' consistent with the notion that the point of removal is to have the trial go forward in federal, rather than state, court." *Miller v. Louisiana*, Civil Action No. 18-14251, 2019 WL 1293273, at *2 (E.D. La. March 1, 2019), adopted, 2019 WL 1277522 (E.D. La. March 20, 2019). "That is reflected in the requirement that a notice of removal must generally be filed no later than thirty days after the arraignment in state court." *Id*.

"[T]he statute clearly does not contemplate removal of a case *after* conviction." *Id*. (emphasis in original) (citing *Smith-El v. Louisiana*, Civ. Action No. 16-cv-1310, 2016 WL 8900203, at *1 (W.D. La. Sept. 27, 2016), *adopted*, 2017 WL 1821111 (W.D. La. May 3, 2017); *see also Barber v. Vance*, Case No. 3:16-cv-2105, 2019 WL 267874, at *2 (D. Ore. Jan. 18, 2019) ("[Plaintiff's] criminal case is finished at the state trial court level and removal to this trial court is improper after the case is closed (and untimely, because he would have needed to file a

petition of removal within 30 days of his arraignment, *see* 28 U.S.C. § 1455(b)(1) )".); 8A Fed. Proc, L.Ed. § 22:59 ("The general rule is that a criminal prosecution can be removed from a state to a federal court only after indictment and before trial.")); *see also New Hampshire v. Woodham*, Case No. 21-cr-128-JL, 2022 WL 1432069, at *2 (D. N.H. April 6, 2022), *adopted*, 2022 WL 1423608 (D. N.H. May 4, 2022) ("A state court criminal defendant may remove a state court 'criminal prosecution[ ]' to federal district court in the district 'within which such prosecution is pending.'"); *Colombo v. Cty. of Suffolk*, 2010 WL 1459196, at *1 (E.D.N.Y. April 8, 2010) (noting that the court denied plaintiff's application to remove her closed criminal action, finding no good cause to extend the deadline to remove a criminal action and that the underlying criminal prosecution had concluded, leaving no action to remove).

Although summary remand is ordinarily required under the applicable statute, the posture of this case is such that there is no court to which it may be remanded. Therefore, dismissal is appropriate. If Johnson continues to submit frivolous or otherwise inappropriate notices of removal, the Court will consider filing restrictions.

**IT IS SO ORDERED**.

**Dated January 23, 2023, in Kansas City, Kansas.**

<u>S/   John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**